UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH WILLIAMS and ELLEN GORE, <br><br>                           Plaintiffs, <br><br> vs. <br><br> NATIONS CREDIT FINANCIAL SERVICES CORPORATION, d/b/a EQUICREDIT, EQUICREDIT CORPORATION OF AMERICA, U.S. BANK NATIONAL ASSOCIATION, as TRUSTEE under various pooling and servicing Agreements, PROFESSIONAL MORTGAGE CORPORATION, DAVID BOHM, PROFESSIONAL HOME REMODELING COMPANY <br><br>                           Defendants, | : <br> : <br> : <br> : Civil Action No. 02-cv-5249 <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**DEFENDANTS NATIONS CREDIT FINANCIAL SERVICES CORPORATION d/b/a EQUICREDIT, EQUICREDIT CORPORATION OF AMERICA AND U.S. BANK NATIONAL ASSOCIATION, TRUSTEE UNDER VARIOUS POOLING AND SERVICING AGREEMENTS' MOTION TO <u>DISMISS COUNT IX OF THE COMPLAINT</u>**

Defendants Nations Credit Financial Services Corporation d/b/a EquiCredit, EquiCredit Corporation of America and U.S. Bank National Association, Trustee under various pooling and servicing agreements ("Defendants"), by their undersigned counsel, Reed Smith LLP, hereby move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Count IX of the Complaint of Plaintiffs Sarah Williams and Ellen Gore. The reasons in support of this Motion are set forth in the accompanying Memorandum of Law, which is incorporated herein by reference.

-2-

          Respectfully submitted,

          _____
          Marilyn Heffley
          P.A. Identification No. 42904
          Barbara Kiely
          P.A. Identification No. 88832
          **REED SMITH LLP**
          2500 One Liberty Place
          1650 Market Street
          Philadelphia, PA  19103-7301
          (215) 851-8100
          Counsel for Defendants Nations Credit
          Financial Services Corporation d/b/a
          EquiCredit, EquiCredit Corporation of
          America and U.S. Bank National Association,
          Trustee under various pooling and servicing
          agreements

Dated: October 11, 2002

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH WILLIAMS<br>    and<br>ELLEN GORE,<br>                    Plaintiffs,<br><br>           vs.<br><br>NATIONS CREDIT FINANCIAL SERVICES CORPORATION, d/b/a EQUICREDIT, EQUICREDIT CORPORATION OF AMERICA, U.S. BANK NATIONAL ASSOCIATION, as TRUSTEE under various pooling and servicing Agreements, PROFESSIONAL MORTGAGE CORPORATION, DAVID BOHM, PROFESSIONAL HOME REMODELING COMPANY<br><br>                    Defendants, | :<br>:<br>:<br>: Civil Action No. 02-cv-5249<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANTS NATIONS CREDIT FINANCIAL SERVICES CORPORATION d/b/a EQUICREDIT, EQUICREDIT CORPORATION OF AMERICA AND U.S. BANK NATIONAL ASSOCIATION, TRUSTEE UNDER VARIOUS POOLING AND SERVICING AGREEMENTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNT IX OF THE COMPLAINT**

**I.      INTRODUCTION**

Defendants Nations Credit Financial Services Corporation d/b/a EquiCredit, EquiCredit Corporation of America ("EquiCredit") and U.S. Bank National Association, Trustee under various pooling and servicing agreements (collectively, the "Defendants"), by and through their undersigned counsel, Reed Smith LLP, respectfully request that this Court grant their Motion to Dismiss Count IX of the Complaint of Plaintiffs Sarah Williams and Ellen Gore ("Plaintiffs") for the reasons more fully set forth herein.

II.     **BACKGROUND**

Plaintiffs borrowed $57,000 from EquiCredit on July 26, 2000, and assumed an obligation under a note (the "Note") to repay EquiCredit all amounts borrowed. See copy of Note attached hereto as Exhibit "A." This obligation was secured by a mortgage (the "Mortgage," and hereinafter, collectively with the Note, the "Agreement") on Plaintiffs' residence. See copy of Mortgage attached hereto as Exhibit "B." Plaintiffs also executed an escrow agreement (the "Escrow Agreement"), authorizing Alliance Search and Abstract, Inc. to act as escrow agent for funds held pursuant to that Escrow Agreement. See copy of Escrow Agreement attached hereto as Exhibit "C."

Plaintiffs' Complaint alleges, inter alia, that Defendants breached a fiduciary duty to Plaintiffs by releasing escrow funds, failing to return escrow funds and failing to provide a copy of an accounting of those funds to Plaintiffs. See Complaint ¶115-116. This claim fails as a matter of law. As set forth in detail below, there never was any fiduciary duty owed by Defendants to Plaintiffs. A fiduciary duty only arises by an agreement of the parties or through the relationship of the parties. Here, the Agreement between Plaintiffs and EquiCredit does not expressly create a fiduciary duty. Furthermore, the relationship between Plaintiffs and EquiCredit was that of lender and borrower, and no fiduciary duty arises out of this type of relationship. The lender-borrower relationship is adversarial in nature, a concept which is directly contrary to the responsibilities embodied in a fiduciary relationship. Consequently, Plaintiffs failed to state a claim upon which relief may be granted. Defendants respectfully request that this Court grant its Motion to Dismiss Count IX of the Complaint.

III.    **ARGUMENT**

In deciding a Motion to Dismiss under Rule 12(b)(6), a court may consider the factual allegations in the Complaint, exhibits attached to the Complaint, matters of public record and undisputedly authentic documents submitted by a defendant relating to the plaintiff's claims.

2

Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); accord City of Pittsburgh v. West Penn Power Co., 147 F.3d 259, 259 (3d Cir. 1998). A court need not "credit a complaint's 'bald assertions' or 'legal conclusions.'" In re Burlington Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).

      A.      **Count IX of the Complaint Should Be Dismissed Because Defendants Did Not Owe a Fiduciary Duty to Plaintiff**

Count IX of Plaintiffs' Complaint should be dismissed because it alleges a breach of fiduciary duty where there was no duty owed. As alleged in Plaintiffs' Complaint, Plaintiffs borrowed $57,000 pursuant to the Agreement with EquiCredit. See Complaint ¶43. At the time of the loan closing, EquiCredit was a licensed mortgage lender. As a lender, EquiCredit does not owe any fiduciary duty to its borrowers. Thus, any claim for breach of fiduciary duty asserted by Plaintiff, the borrower, necessarily fails.

It is well-settled law in Pennsylvania that lenders do not owe any fiduciary duties to their borrowers. Paradise Hotel Corp. v. Bank of Nova Scotia, 842 F.2d 47, 53 (3d Cir. 1988), Temp-Way Corp. v. Continental Bank, 139 B.R. 299, 1992 U.S. Dist. LEXIS 3046, No. 87-6930 (E.D. Pa 1992), Federal Land Bank of Baltimore v. Fetner, 269 Pa. Super. 455, 461, 410 A.2d 344, 348 (Pa. Super 1979), Grace v. Moll, 285 Pa. 353, 355 132 A. 171, 171 (1926). No fiduciary relationship exists between lenders and borrowers because a lending transaction as such is an arms-length transaction. Paradise Hotel Corp., 842 F.2d 47 at 53. The creditor-debtor relationship is adversarial in nature. Id. Each party acts in their own interests. Temp-Way Corp., 139 Bankr. at 318, citing Frowen v. Blank, 425 A.2d 412, 416 (1981), aff'd 981 F.2d 1248 (3d Cir. 1992). It would be inapposite to presume that a lender should owe a fiduciary duty to a borrower in a transaction in which the lender must also regard its own interests. Paradise Hotel Corp., 842 F.2d at 53.

Fiduciary duties only arise when one party is obligated to act for the benefit of another. Temp-Way Corp., 139 B.R. at 318, 1992 U.S. Dist. LEXIS 3046, at *48. Under certain circumstances, a lender may become a fiduciary to its borrower by gaining substantial control over the borrower's business. Blue Line Coal Co. v. Equibank, 683 F. Supp. 493, 496-97 (E.D. Pa. 1988). Substantial control only occurs, however, where the lender is peculiarly involved in managing the day-to-day operations of the borrower's affairs. Temp-Way, 139 B.R. at 318, 1992 U.S. Dist. LEXIS 3046, at *50

It is clear, however, that normal conduct occurring between a lender and its borrower does not equate to substantial control, nor does it give rise to a fiduciary duty. Id. at 320. Reviewing business operations or affairs and offering advise or direction does not equate to control. Id at 318. EquiCredit simply required Plaintiffs to establish an escrow account as part of the loan closing. See Escrow Agreement. This request was made to protect Defendants' interest. Defendants did not maintain or control this escrow account, rather, a third party, Alliance Search and Abstract Company, was the escrow agent. See Escrow Agreement. These facts simply fail to establish that the Agreement created anything more than the typical lender-borrower relationship.

Plaintiffs' Complaint alleges nothing that could give rise to a fiduciary duty. Where there is no fiduciary duty owed, there cannot be a breach. Thus, it is respectfully submitted that Plaintiffs' claim of breach of fiduciary duty fails as a matter of law and must be dismissed with prejudice.

**IV.    CONCLUSION**

For the foregoing reasons, Defendants Nations Credit Financial Services Corporation d/b/a EquiCredit, EquiCredit Corporation of America and U.S. Bank National

Association, Trustee under various pooling and servicing agreements, respectfully request that this Court grant their Motion to Dismiss Count IX of Plaintiffs' Complaint.

        Respectfully submitted,

_____
Marilyn Heffley
P.A. Identification No. 42904
Barbara Kiely
P.A. Identification No. 88832
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
(215) 851-8100
Counsel for Defendants Nations Credit Financial Services Corporation d/b/a EquiCredit, EquiCredit Corporation of America and U.S. Bank National Association, Trustee under various pooling and servicing agreements

Dated: October 11, 2002

# **CERTIFICATE OF SERVICE**

The undersigned counsel for Defendants Nations Credit Financial Services Corporation d/b/a EquiCredit, EquiCredit Corporation of America and U.S. Bank National Association, Trustee under various pooling and servicing agreements hereby certifies that on October 11, 2002, she caused to be served the foregoing Motion to Dismiss Count IX of Plaintiffs' Complaint and the accompanying Memorandum of Law, by first class mail, prepaid postage, upon the following counsel of record:

> Adam DeSipio
> Law Offices of Robert H. Montgomery III
> 230 S. Broad Street
> Suite 1302
> Philadelphia, PA 19102
>
> (Attorney for Plaintiffs Sara Williams and Ellen Gore)
>
> Jeffery M. Lindy
> 1760 Market Street
> Suite 600
> Philadelphia, PA 19103
>
> (Attorney for Professional Mortgage Corporation and Professional Home Remodeling Company)

By:_____
      Barbara Kiely

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SARAH WILLIAMS** and **ELLEN GORE,** | : : : : |
| Plaintiffs, | : Civil Action No. 02-cv-5249 |
| vs. | : : : |
| **NATIONS CREDIT FINANCIAL SERVICES CORPORATION, d/b/a EQUICREDIT, EQUICREDIT CORPORATION OF AMERICA, U.S. BANK NATIONAL ASSOCIATION, as TRUSTEE under various pooling and servicing Agreements, PROFESSIONAL MORTGAGE CORPORATION, DAVID BOHM, PROFESSIONAL HOME REMODELING COMPANY** | : : : : : : : : : |
| Defendants, | : |

## ORDER

**AND NOW**, this _____ day of _____, 2002, upon consideration of Defendants Nations Credit Financial Services Corporation d/b/a EquiCredit, EquiCredit Corporation of America and U.S. Bank National Association, Trustee under various pooling and servicing agreements Motion to Dismiss Count IX of the Complaint and any response thereto, **IT IS HEREBY**

**ORDERED** and **DECREED** that said Motion is **GRANTED** and that Count IX of the Complaint is **DISMISSED WITH PREJUDICE**.

**BY THE COURT:**

_____
J.