UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH WILLIAMS<br>and<br>ELLEN GORE,<br>                Plaintiffs,<br><br>        vs.<br><br>NATIONSCREDIT FINANCIAL SERVICES CORPORATION, d/b/a EQUICREDIT, EQUICREDIT CORPORATION OF AMERICA, U.S. BANK NATIONAL ASSOCIATION, as TRUSTEE under various pooling and servicing Agreements, PROFESSIONAL MORTGAGE CORPORATION, DAVID BOHM, PROFESSIONAL HOME REMODELING COMPANY<br><br>                Defendants, | :<br>:<br>:<br>:<br>: Civil Action No. 02-cv-5249<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANTS NATIONSCREDIT FINANCIAL SERVICES CORPORATION, AS SUCCESSOR BY MERGER TO EQUICREDIT CORPORATION OF PA., EQUICREDIT CORPORATION OF AMERICA AND U.S. BANK NATIONAL ASSOCIATION, TRUSTEE'S SURREPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS COUNT IX OF THE COMPLAINT**

       Defendants NationsCredit Financial Services Corporation, as successor by merger to EquiCredit Corporation of Pa., EquiCredit Corporation of America and U.S. Bank National Association, Trustee (collectively, the "Defendants"), by their undersigned counsel, Reed Smith LLP, respectfully request that this Court grant their Motion to Dismiss Count IX of the Complaint of Plaintiffs Sarah Williams and Ellen Gore (the "Motion), and in support thereof, hereby reply to the Plaintiff's Response to Defendants' Motion to Dismiss Count IX of the Complaint as follows.

I.	**FACTUAL AND PROCEDURAL HISTORY**

Plaintiffs Sarah Williams and Ellen Gore ("Plaintiffs") borrowed $57,000 from EquiCredit on July 26, 2000, and assumed an obligation under a note (the "Note") to repay EquiCredit all amounts borrowed.  See copy of Note attached to the Motion as Exhibit "A", incorporated by reference herein.  This obligation was secured by a mortgage (the "Mortgage," and hereinafter, collectively with the Note, the "Agreement") on Plaintiffs' residence.  See copy of Mortgage attached to the Motion as Exhibit "B," and incorporated by reference herein.  Plaintiffs also executed an escrow agreement (the "Escrow Agreement"), authorizing Alliance Search and Abstract, Inc. to act as escrow agent for funds held pursuant to that Escrow Agreement.  See copy of Escrow Agreement attached to the Motion as Exhibit "C," and incorporated by reference herein.

Plaintiffs' Complaint alleges, inter alia, that Defendants "acted as the escrow agent for the Plaintiffs," and breached a fiduciary duty to Plaintiffs by releasing escrow funds, failing to return escrow funds and failing to provide a copy of an accounting of those funds to Plaintiffs.  See Complaint ¶114-116.  Defendants were not acting as escrow agent to these funds and thus, this claim is completely meritless.  Consequently, Defendants filed the Motion with this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  In support of its Motion, Defendants attached a copy of the escrow agreement (the "Escrow Agreement") to the Motion.  This Escrow Agreement was executed by the Plaintiffs on July 26, 2000 and is clear evidence that Alliance Search and Abstract, not Defendants, acted as the escrow agent.

Plaintiffs filed a Response to the Motion on November 1, 2002 (the "Response").  The Response characterizes the Escrow Agreement as "disputed" and "unauthenticated "and asserts that the Motion should be denied for this reason.  Plaintiffs are not now in a position to

assert such an argument because Plaintiffs based Count IX of the Complaint on the Escrow Agreement itself.  It is well-settled Third Circuit law that where allegations in a Complaint are based upon a document, the Defendant may attach that document to a Motion to Dismiss.  Plaintiffs cannot now complain that the Court should not have the liberty of reviewing the Escrow Agreement attached to the Motion.

**II.        ARGUMENT**

In deciding a Motion to Dismiss under Rule 12(b)(6), a court may consider the factual allegations in the Complaint, exhibits attached to the Complaint, matters of public record and undisputedly authentic documents submitted by a defendant relating to the plaintiff's claims. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); accord City of Pittsburgh v. West Penn Power Co., 147 F.3d 259, 259 (3d Cir. 1998).  A court need not "credit a complaint's 'bald assertions' or 'legal conclusions.'" In re Burlington Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  Where a plaintiff bases his or her claims on a document and does not attach that document to her Complaint, the Court may consider that document when it is attached to Defendant's Motion to Dismiss.  Pension Benefit Guar. Corp., 998 F.2d at 1196.  "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." Id.

Count IX of Plaintiffs' Complaint alleges that Defendants "acted as the escrow agent for the Plaintiffs." See Complaint ¶114.  This statement is factually inaccurate. Defendants attached a copy of the fully executed Escrow Agreement to the Motion to discredit this "bald assertion" which is *undisputedly* contradicted by the Escrow Agreement itself.  The Defendants did not act as escrow agent, but rather, simply required Plaintiffs to establish an escrow account as part of the loan closing. See copy of Escrow Agreement attached to the Motion as Exhibit "C," and incorporated by reference herein.  This request was made to protect

3

Defendants' interest. The Defendants did not maintain or control this escrow account, rather, a third party, Alliance Search and Abstract Company, was the escrow agent. See copy of Escrow Agreement attached to the Motion as Exhibit "C," and incorporated by reference herein.

Clearly, Plaintiffs' Response to the Motion is misplaced. Plaintiff cannot simply make blanket allegations and then complain when evidence is offered to the contrary. Thus, it is respectfully submitted that the Court consider the Escrow Agreement in its review of Defendants' Motion to Dismiss Count IX of Plaintiffs Complaint and dismiss Count IX in its entirety.

### III. CONCLUSION

For the foregoing reasons, Defendants NationsCredit Financial Services Corporation d/b/a EquiCredit, EquiCredit Corporation of America and U.S. Bank National Association, Trustee under various pooling and servicing agreements, respectfully request that this Court grant their Motion to Dismiss Count IX of Plaintiffs' Complaint.

Respectfully submitted,

_____
Marilyn Heffley
P.A. Identification No. 42904
Barbara Kiely
P.A. Identification No. 88832
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
(215) 851-8100
Counsel for Defendants NationsCredit Financial Services Corporation d/b/a EquiCredit, EquiCredit Corporation of America and U.S. Bank National Association, Trustee

Dated: November 21, 2002

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendants NationsCredit Financial Services Corporation d/b/a EquiCredit, EquiCredit Corporation of America and U.S. Bank National Association, Trustee hereby certifies that on November 21, 2002, she caused to be served the foregoing Surreply to the Plaintiffs' Response to Defendants' Motion to Dismiss Count IX of Plaintiff's Complaint, by first class mail, prepaid postage, upon the following parties:

>Adam DeSipio
>Law Offices of Robert H. Montgomery III
>230 S. Broad Street
>Suite 1302
>Philadelphia, PA 19102
>
>(Attorney for Plaintiffs Sara Williams and Ellen Gore)
>
>Jeffery M. Lindy
>1760 Market Street
>Suite 600
>Philadelphia, PA 19103
>
>(Attorney for Professional Mortgage Corporation and Professional Home Remodeling Company)
>
>David Bohm
>1821 East Memphis Street
>Philadelphia, PA  19125

By:_____
        Barbara Kiely

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH WILLIAMS<br>    and<br>ELLEN GORE,<br>               Plaintiffs,<br><br>       vs.<br><br>NATIONSCREDIT FINANCIAL SERVICES CORPORATION, d/b/a EQUICREDIT, EQUICREDIT CORPORATION OF AMERICA, U.S. BANK NATIONAL ASSOCIATION, as TRUSTEE under various pooling and servicing Agreements, PROFESSIONAL MORTGAGE CORPORATION, DAVID BOHM, PROFESSIONAL HOME REMODELING COMPANY<br><br>               Defendants, | :<br>:<br>:<br>:<br>: Civil Action No. 02-cv-5249<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **ORDER**

**AND NOW**, this _____ day of _____, 2002, upon consideration of Defendants NationsCredit Financial Services Corporation, as successor by merger to EquiCredit Corporation of Pa., EquiCredit Corporation of America and U.S. Bank National Association, Trustee's Surreply in support of their Motion to Dismiss Count IX of the Complaint and any response thereto, **IT IS HEREBY**

**ORDERED** and **DECREED** that said Motion is **GRANTED** and that Count IX of the Complaint is **DISMISSED WITH PREJUDICE**.

                                                      **BY THE COURT:**

                                                      _____

                                                                                                            J.