IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH WILLIAMS and ELLEN GORE, | : : : |
| Plaintiffs, | : Civil Action No. 02-cv-5249 |
| vs. | : : |
| NATIONS CREDIT FINANCIAL SERVICES CORPORATION, AS SUCCESSOR BY MERGER TO EQUICREDIT CORPORATION OF PA. (Improperly Designated as NATIONS CREDIT FINANCIAL SERVICES CORPORATION, d/b/a EQUICREDIT), EQUICREDIT CORPORATION OF AMERICA, U.S. BANK NATIONAL ASSOCIATION, as TRUSTEE under various pooling and servicing Agreements, PROFESSIONAL MORTGAGE CORPORATION, PROFESSIONAL HOME REMODELING COMPANY, ALLIANCE SEARCH & ABSTRACT, INC., | : : : : : : : : : : : : : : |
| Defendants. | : |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE
CROSS-CLAIMS OF DEFENDANT PROFESSIONAL MORTGAGE CORPORATION**

Defendants NationsCredit Financial Services Corporation, as successor by merger to EquiCredit Corporation of Pa., EquiCredit Corporation of America and U.S. Bank National Association, as Trustee, (collectively, "Defendants"), by and through their undersigned counsel, Reed Smith LLP, hereby answer the Cross-Claims of Defendant Professional Mortgage Corporation ("Professional Mortgage") according to their numbered paragraphs and assert their Affirmative Defenses as set forth below:

**CROSS-CLAIM I**
**Against Co-Defendant Nationscredit Financial Services Corporation, d/b/a EquiCredit**

171.  The allegations set forth in Paragraph 171 of Professional Mortgage's Cross-Claims require no responsive pleading by Defendants.

172. Denied. The allegations set forth in Paragraph 172 of Professional Mortgage's Cross-Claims are conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed factual, they are denied.

173. Denied. The allegations set forth in Paragraph 173 of Professional Mortgage's Cross-Claims are conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed factual, they are denied.

174. Denied. The allegations set forth in Paragraph 174 of Professional Mortgage's Cross-Claims are conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed factual, they are denied.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorney's fees, and such other and further relief as this Court deems just and proper.

## CROSS-CLAIM II
### Against Co-Defendant EquiCredit Corporation of America

175. The allegations set forth in Paragraph 175 of Professional Mortgage's Cross-Claims require no responsive pleading by Defendants.

176. Denied. The allegations set forth in Paragraph 176 of Professional Mortgage's Cross-Claims are conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed factual, they are denied.

177. Denied. The allegations set forth in Paragraph 177 of Professional Mortgage's Cross-Claims are conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed factual, they are denied.

178. Denied. The allegations set forth in Paragraph 178 of Professional Mortgage's Cross-Claims are conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed factual, they are denied.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorney's fees, and such other and further relief as this Court deems just and proper.

## CROSS-CLAIM III
### Against Co-Defendant U.S. Bank National Association, as Trustee

179.    The allegations set forth in Paragraph 179 of Professional Mortgage's Cross-Claims require no responsive pleading by Defendants.

180.    Denied.  The allegations set forth in Paragraph 180 of Professional Mortgage's Cross-Claims are conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed factual, they are denied.

181.    Denied.  The allegations set forth in Paragraph 181 of Professional Mortgage's Cross-Claims are conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed factual, they are denied.

182.    Denied.  The allegations set forth in Paragraph 182 of Professional Mortgage's Cross-Claims are conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed factual, they are denied.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorney's fees, and such other and further relief as this Court deems just and proper.

## CROSS-CLAIM IV
### Against Co-Defendant Alliance Search & Abstract, Inc.

183.    The allegations set forth in Paragraph 183 of Professional Mortgage's Cross-Claims require no responsive pleading by Defendants.

184.    Denied.  The allegations set forth in Paragraph 184 of Professional Mortgage's Cross-Claims are addressed to a defendant other than Defendants and, therefore, no responsive pleading is required.

185.    Denied.  The allegations set forth in Paragraph 185 of Professional Mortgage's Cross-Claims are addressed to a defendant other than Defendants and, therefore, no responsive pleading is required.

186.  Denied.  The allegations set forth in Paragraph 186 of Professional Mortgage's Cross-Claims are addressed to a defendant other than Defendants and, therefore, no responsive pleading is required.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorney's fees, and such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. Professional Mortgage's Cross-Claims fail to state a claim against Defendants upon which relief can be granted.

2. Professional Mortgage is not entitled to recover any of its attorneys' fees.

3. Professional Mortgage's Cross-Claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

4. Professional Mortgage's Cross-Claims are barred, in whole or in part, by the doctrine of agency.

5. Professional Mortgage's Cross-Claims are barred, in whole or in part, by the doctrine of unclean hands and the concepts of equity.

6. Professional Mortgage's Cross-Claims are barred, in whole or in part, by the holder-in-due course doctrine.

7. Professional Mortgage has not suffered any damages caused by any act or omission of Defendants.

8. Professional Mortgage has failed to join indispensable parties.

9. Defendants are entitled to an offset against Professional Mortgage.

        Respectfully submitted,

        _____
        Marilyn Heffley
        P.A. Identification No. 42904
        Barbara Kiely
        P.A. Identification No. 88832
        **REED SMITH LLP**
        2500 One Liberty Place
        1650 Market Street
        Philadelphia, PA  19103-7301
        (215) 851-8100

        Counsel for Defendants NationsCredit
        Financial Services Corporation, as successor by
        merger to EquiCredit Corporation of Pa.,
        EquiCredit Corporation of America, and U.S.
        Bank National Association, as Trustee

Dated: February 13, 2003

# CERTIFICATE OF SERVICE

The undersigned counsel for Defendants NationsCredit Financial Services Corporation, as successor by merger to EquiCredit Corporation of Pa., EquiCredit Corporation of America, and U.S. Bank National Association, as Trustee, hereby certifies that on February 13, 2003, she caused to be served the foregoing Defendants' Answer and Affirmative Defenses to the Cross-Claims of Defendant Professional Mortgage Corporation, by first class mail, prepaid postage, upon the following:

Adam DeSipio
Law Offices of Robert H. Montgomery III
230 S. Broad Street, Suite 1302
Philadelphia, PA 19102

(Attorney for Plaintiffs Sara Williams and Ellen Gore)

Jeffrey M. Lindy
1760 Market Street
Suite 600
Philadelphia, PA 19103

(Attorney for Professional Mortgage Corporation and Professional Home Remodeling Company)

Alliance Search & Abstract, Inc.
1819 East Memphis Street
Philadelphia, PA 19125

By:_____
    Barbara Kiely