## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH WILLIAMS<br>  and<br>ELLEN GORE, | :<br>:<br>: |
| Plaintiffs, | : Civil Action No. 02-cv-5249 |
| | : |
| vs. | : |
| | : |
| NATIONS CREDIT FINANCIAL SERVICES<br>CORPORATION, d/b/a EQUICREDIT,<br>EQUICREDIT CORPORATION OF AMERICA,<br>U.S. BANK NATIONAL ASSOCIATION, as<br>TRUSTEE under various pooling and servicing<br>Agreements, PROFESSIONAL MORTGAGE<br>CORPORATION, PROFESSIONAL HOME<br>REMODELING COMPANY, ALLIANCE<br>SEARCH & ABSTRACT, INC., | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | :<br>: |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO THE CROSS-CLAIMS OF DEFENDANT
## PROFESSIONAL HOME REMODELING COMPANY

Defendants NationsCredit Financial Services Corporation, as successor by merger to EquiCredit Corporation of Pa., EquiCredit Corporation of America and U.S. Bank National Association, as Trustee, (collectively, "Defendants"), by and through their undersigned counsel, Reed Smith LLP, hereby answer the Cross-Claims of Defendant Professional Home Remodeling Company ("Professional Home") according to their numbered paragraphs and assert their Affirmative Defenses as set forth below:

## CROSS-CLAIM I
### Against Co-Defendant Nationscredit Financial Services Corporation, d/b/a EquiCredit

171.    The allegations set forth in Paragraph 171 of Professional Home's Cross-Claims require no responsive pleading by Defendants.

172.    Denied.  The allegations set forth in Paragraph 172 of Professional Home's Cross-Claims are conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed factual, they are denied.

173.    Denied.  The allegations set forth in Paragraph 173 of Professional Home's Cross-Claims are conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed factual, they are denied.

174.    Denied.  The allegations set forth in Paragraph 174 of Professional Home's Cross-Claims are conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed factual, they are denied.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorney's fees, and such other and further relief as this Court deems just and proper.

## CROSS-CLAIM II
### Against Co-Defendant EquiCredit Corporation of America

175.    The allegations set forth in Paragraph 175 of Professional Home's Cross-Claims require no responsive pleading by Defendants.

176.    Denied.  The allegations set forth in Paragraph 176 of Professional Home's Cross-Claims are conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed factual, they are denied.

177.    Denied.  The allegations set forth in Paragraph 177 of Professional Home's Cross-Claims are conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed factual, they are denied.

178.    Denied.  The allegations set forth in Paragraph 178 of Professional Home's Cross-Claims are conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed factual, they are denied.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorney's fees, and such other and further relief as this Court deems just and proper.

## CROSS-CLAIM III
### Against Co-Defendant U.S. Bank National Association, as Trustee

179.    The allegations set forth in Paragraph 179 of Professional Home's Cross-Claims require no responsive pleading by Defendants.

180.    Denied.  The allegations set forth in Paragraph 180 of Professional Home's Cross-Claims are conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed factual, they are denied.

181.    Denied.  The allegations set forth in Paragraph 181 of Professional Home's Cross-Claims are conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed factual, they are denied.

182.    Denied.  The allegations set forth in Paragraph 182 of Professional Home's Cross-Claims are conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed factual, they are denied.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorney's fees, and such other and further relief as this Court deems just and proper.

## CROSS-CLAIM IV
### Against Co-Defendant Alliance Search & Abstract, Inc.

183.    The allegations set forth in Paragraph 183 of Professional Home's Cross-Claims require no responsive pleading by Defendants.

184.    Denied.  The allegations set forth in Paragraph 184 of Professional Home's Cross-Claims are addressed to a defendant other than Defendants and, therefore, no responsive pleading is required.

185.    Denied.  The allegations set forth in Paragraph 185 of Professional Home's Cross-Claims are addressed to a defendant other than Defendants and, therefore, no responsive pleading is required.

186.    Denied.  The allegations set forth in Paragraph 186 of Professional Home's Cross-Claims are addressed to a defendant other than Defendants and, therefore, no responsive pleading is required.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorney's fees, and such other and further relief as this Court deems just and proper.

<u>**AFFIRMATIVE DEFENSES**</u>

1.    Professional Home's Cross-Claims fail to state a claim against Defendants upon which relief can be granted.

2.    Professional Home is not entitled to recover any of its attorneys' fees.

3.    Professional Home's Cross-Claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

4.    Professional Home's Cross-Claims are barred, in whole or in part, by the doctrine of agency.

5.    Professional Home's Cross-Claims are barred, in whole or in part, by the doctrine of unclean hands and the concepts of equity.

6.    Professional Home's Cross-Claims are barred, in whole or in part, by the holder-in-due course doctrine.

7.    Professional Home has not suffered any damages caused by any act or omission of Defendants.

8.    Professional Home has failed to join indispensable parties.

9.    Defendants are entitled to an offset against Professional Home.

Respectfully submitted,

_____

Marilyn Heffley
P.A. Identification No. 42904
Barbara Kiely
P.A. Identification No. 88832
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
(215) 851-8100

Counsel for Defendants NationsCredit
Financial Services Corporation, as successor by
merger to EquiCredit Corporation of Pa.,
EquiCredit Corporation of America, and U.S.
Bank National Association, as Trustee

Dated: February 13, 2003

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for Defendants NationsCredit Financial Services Corporation, as successor by merger to EquiCredit Corporation of Pa., EquiCredit Corporation of America, and U.S. Bank National Association, as Trustee, hereby certifies that on February 13, 2003, she caused to be served the foregoing Defendants' Answer and Affirmative Defenses to the Cross-Claims of Defendant Professional Home Remodeling Company, by first class mail, prepaid postage, upon the following:

Adam DeSipio
Law Offices of Robert H. Montgomery III
230 S. Broad Street, Suite 1302
Philadelphia, PA 19102

(Attorney for Plaintiffs Sara Williams and Ellen Gore)

Jeffrey M. Lindy
1760 Market Street
Suite 600
Philadelphia, PA 19103

(Attorney for Professional Mortgage Corporation and Professional Home Remodeling Company)

Alliance Search & Abstract, Inc.
1819 East Memphis Street
Philadelphia, PA 19125

By:_____
        Barbara Kiely