## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH WILLIAMS<br>        and<br>ELLEN GORE, | :<br>:<br>: |
| Plaintiffs, | : Civil Action No. 02-cv-5249<br>: |
| vs. | :<br>: |
| NATIONS CREDIT FINANCIAL SERVICES<br>CORPORATION, AS SUCCESSOR BY MERGER<br>TO EQUICREDIT CORPORATION OF PA.<br>(Improperly Designated as NATIONS CREDIT<br>FINANCIAL SERVICES CORPORATION, d/b/a<br>EQUICREDIT),<br>EQUICREDIT CORPORATION OF AMERICA,<br>U.S. BANK NATIONAL ASSOCIATION, as<br>TRUSTEE, PROFESSIONAL MORTGAGE<br>CORPORATION, PROFESSIONAL HOME<br> REMODELING COMPANY, ALLIANCE<br>SEARCH & ABSTRACT, INC., | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | :<br>: |

### DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, CROSS-CLAIMS AND COUNTERCLAIM OF SETOFF TO PLAINTIFFS' AMENDED COMPLAINT

Defendants NationsCredit Financial Services Corporation, as successor by merger to EquiCredit Corporation of Pa., EquiCredit Corporation of America and U.S. Bank National Association, as Trustee (collectively, "Defendants"), by and through their undersigned counsel, Reed Smith LLP, hereby respond to the Amended Complaint of Plaintiffs Sarah Williams and Ellen Gore ("Plaintiffs") according to its numbered paragraphs and assert their Affirmative Defenses as set forth below:

### Preliminary Statement

1.   Denied.  The allegations set forth in Paragraph 1 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

2.  Admitted in part, denied in part.  It is admitted only that Plaintiffs purport to bring this action under the statutes and laws cited in Paragraph 2 of Plaintiffs' Amended Complaint.  It is denied that Plaintiffs are entitled to the relief requested pursuant to these statutes and laws.  The remaining allegations set forth in Paragraph 2 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

3.  Denied.  The allegations set forth in Paragraph 3 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

4.  Admitted in part, denied in part.  It is admitted only that Plaintiffs purport to seek the relief requested in Paragraph 4 of Plaintiffs' Amended Complaint but it is denied that they are entitled to the relief requested.  The remaining allegations set forth in Paragraph 4 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed to be factual, they are denied.

## Jurisdiction and Venue

5.  Denied.  The allegations set forth in Paragraph 5 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

6.  Denied.  The allegations set forth in Paragraph 6 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.

## Parties

7.  Admitted in part, denied in part.  It is admitted only that Sarah Williams is a natural person.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 7 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

8.  Admitted in part, denied in part.  It is admitted only that Ellen Gore is a natural person.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations set forth in Paragraph 8 of Plaintiffs' Amended Complaint, and, therefore,

deny the same.

9.  Denied as stated.  NationsCredit Financial Services Corporation, improperly named in

Plaintiffs' Amended Complaint as NationsCredit Financial Services Corporation, d/b/a

EquiCredit, is a successor by merger to EquiCredit Corporation of Pa., the entity that originated

the loan at issue and formerly conducted business in Pennsylvania and elsewhere.  NationsCredit

Financial Services Corporation is located at 10401 Deerwood Park Boulevard, Jacksonville, FL

32256.

10. Denied as stated.  EquiCredit Corporation of America is the parent corporation of

NationsCredit Financial Services Corporation, which is the successor by merger to EquiCredit

Corporation of Pa., the entity that originated the loan at issue and formerly conducted business in

Pennsylvania and elsewhere.  EquiCredit Corporation of America is located at 10401 Deerwood

Park Boulevard, Jacksonville, FL  32256.

11. Denied as stated.  U.S. Bank National Association has a principal place of business in

Chicago, Illinois and is the Trustee of the securitization of the loan at issue.  The remaining

allegations set forth in Paragraph 11 of Plaintiffs Amended Complaint are conclusions of law to

which no responsive pleading is required.  To the extent they may be deemed factual, they are

denied.

12. Defendants state that the allegations set forth in Paragraph 12 of Plaintiffs' Amended

Complaint require no responsive pleading.

13. Denied.  The allegations set forth in Paragraph 13 of Plaintiffs' Amended Complaint

constitute conclusions of law to which no responsive pleading is required.  By way of further

response, Defendants state that Plaintiffs do not identify in Paragraph 13 of the Amended

Complaint the entities they allege are "predecessors in interest" and, therefore, Defendants deny these allegations.

14. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

15. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

16. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

### Factual Background

17. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

18. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

19. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

20. Denied.  The allegations set forth in Paragraph 20 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

21. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

22. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

23. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

24. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

25. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

26. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

27. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

28. Denied.

29. Denied. The allegations set forth in Paragraph 29 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed to be factual, they are denied.

30. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

31. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

32. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

33. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

34. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

35. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

36. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

37. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

38. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

39. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

40. Admitted in part; denied in part.  It is denied that Plaintiffs applied for a loan with EquiCredit in any amount less than the note amount of $57,000.  By way of further response, the debts paid off by the loan transaction are listed on the HUD-1 Settlement Statement which is a writing that speaks for itself and any attempt to characterize its contents is improper. Notwithstanding the foregoing, Defendants admit that the proceeds from the loan transaction paid off two mortgages.

41. Denied.

42. Denied.  Defendants state that Plaintiffs loan application was not denied. The amount of the loan requested was the amount EquiCredit approved and, and therefore, no counteroffer was required.

43. Admitted in part; denied in part.  It is denied that Plaintiffs applied for a home improvement loan with EquiCredit. Plaintiff applied for a refinance in the amount of $57,000. By way of further response, the debts paid off by the loan transaction and the fees incurred are listed on the HUD-1 Settlement Statement which is a writing that speaks for itself and any attempt to characterize its contents is improper.  Notwithstanding the foregoing, Defendants admit that the loan transaction included $9,900 for payment of home improvements to Professional Home Remodeling.

44. Denied.  The terms of the loan transaction are indicated on the loan documents which are writings that speak for themselves and any attempt to characterize their terms is improper.

Defendants are without knowledge of when the title company which closed the loan provided Plaintiffs with copies of the closing documents.

45. Denied as stated. Defendants admit that the Plaintiffs incurred a charge of $250 for an appraisal. Upon information and belief, the appraiser did inspect the subject property and did provide EquiCredit with a copy of an appraisal report.

46. Denied as stated. Defendants admit that the Plaintiffs incurred a charge of $100 for completion of the appraisal. Upon information and belief, the appraiser did re-inspect the subject property.

47. Denied as stated. Defendants admit that the Plaintiffs received $2,773.06 in loan proceeds. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 47 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

48. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

49. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

50. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

51. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

52. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

53. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

54. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

55. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

56. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

57. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

58. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

59. Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

60. Denied.

61. Denied.  The allegations set forth in Paragraph 61 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.

62. Denied.  The allegations set forth in Paragraph 62 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.

63. Denied.  The allegations set forth in Paragraph 63 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

64. Denied.  The allegations set forth in Paragraph 64 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

65. Denied.

## Notice of Rescission

66. Denied.  The allegations set forth in Paragraph 66 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

67. Denied.  The allegations set forth in Paragraph 67 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

68. Denied as stated.  Defendants were not served with any rescission demand and deny that Plaintiffs have any valid basis for rescission and, therefore, state that even if a demand were made they were not required to comply with Plaintiffs' rescission demand.

69. Denied.  The allegations set forth in Paragraph 69 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

## COUNT I
## HOME OWNERSHIP AND EQUITY PROTECTION ACT,
## 15 U.S.C. §1639 (a) ("HOEPA"), HOEPA RESCISSION
## <u>AGAINST THE EQUICREDIT DEFENDANTS</u>

70. Defendants incorporate by reference their responses to Paragraphs 1 through 69 above as if fully set forth herein.

71. Denied. The allegations set forth in Paragraph 71 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed to be factual, they are denied.

72. Denied. The allegations set forth in Paragraph 72 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.

73. Denied. The allegations set forth in Paragraph 73 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed to be factual, they are denied.

74. Denied. The allegations set forth in Paragraph 74 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed to be factual, they are denied.

75. Denied. The allegations set forth in Paragraph 75 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed to be factual, they are denied.

76. Denied. The allegations set forth in Paragraph 76 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed to be factual, they are denied.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT II
### TRUTH IN LENDING ACT, 15 U.S.C. §1601, ET SEQ., ("TILA")
### AGAINST THE EQUICREDIT DEFENDANTS

77. Defendants incorporate by reference their responses to Paragraphs 1 through 76 above as if fully set forth herein.

78. Denied. The allegations set forth in Paragraph 78 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed to be factual, they are denied.

79. Denied. The allegations set forth in Paragraph 79 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed to be factual, they are denied.

80. Denied. The allegations set forth in Paragraph 80 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed to be factual, they are denied.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT III
### EQUAL CREDIT OPPORTUNITY ACT
### ("ECOA"), 15 U.S.C. §1691, ET SEQ.
### AGAINST THE EQUICREDIT DEFENDANTS

81. Defendants incorporate by reference their responses to Paragraphs 1 through 80 above as if fully set forth herein.

82. Denied. The allegations set forth in Paragraph 82 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed to be factual, they are denied.

83. Denied. The allegations set forth in Paragraph 83 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed to be factual, they are denied.

84. Denied. The allegations set forth in Paragraph 84 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed to be factual, they are denied.

85. Denied. The allegations set forth in Paragraph 85 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed to be factual, they are denied.

86. Denied. The allegations set forth in Paragraph 86 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed to be factual, they are denied.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT IV
## REAL ESTATE SETTLEMENT PROCEDURES ACT, 12 U.S.C. §2601, ET SEQ.("RESPA") AGAINST THE EQUICREDIT DEFENDANTS AND PROFESSIONAL MORTGAGE

87. Defendants incorporate by reference their responses to Paragraphs 1 through 86 above as if fully set forth herein.

88. Denied. The allegations set forth in Paragraph 88 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.

89. Denied. The allegations set forth in Paragraph 89 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that these allegations may be deemed to be factual, they are denied.

90. Denied.  The allegations set forth in Paragraph 90 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

91. Denied.  The allegations set forth in Paragraph 91 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

92. Denied.  The allegations set forth in Paragraph 92 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

93. Denied.  The allegations set forth in Paragraph 93 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

94. Denied.  The allegations set forth in Paragraph 94 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

**COUNT V**
**CREDIT SERVICES ACT**
**AGAINST PROFESSIONAL MORTGAGE**

95. Defendants incorporate by reference their responses to Paragraphs 1 through 94 above as if fully set forth herein.

96. Denied.  The allegations set forth in Paragraph 96 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

97. Denied.  The allegations set forth in Paragraph 97 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT VI
## FRAUD
## AGAINST PROFESSIONAL MORTGAGE AND PROFESSIONAL HOME

98. Defendants incorporate by reference their responses to Paragraphs 1 through 97 above as if fully set forth herein.

99. Denied.  The allegations set forth in Paragraph 99 of Plaintiffs' Amended Complaint are directed to defendants other than Defendants and, therefore, no responsive pleading is required.

100.    Denied.  The allegations set forth in Paragraph 100 and sub-paragraphs (a)-(m) of Plaintiffs' Amended Complaint are directed to defendants other than Defendants and, therefore, no responsive pleading is required.

101.    Denied.  The allegations set forth in Paragraph 101 of Plaintiffs' Amended Complaint are directed to defendants other than Defendants and, therefore, no responsive pleading is required.

102.    Denied.  The allegations set forth in Paragraph 102 and sub-paragraphs (a)-(c) of Plaintiffs' Amended Complaint are directed to defendants other than Defendants and, therefore, no responsive pleading is required.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

**COUNT VI**
**FRAUD**
**AGAINST THE EQUICREDIT DEFENDANTS**

103.    Defendants incorporate by reference their responses to Paragraphs 1 through 102 above as if fully set forth herein.

104.    Denied.  The allegations set forth in Paragraph 104 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

105.    Denied.  The allegations set forth in Paragraph 105 and sub-paragraphs (a)-(l) of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

106.    Denied.  The allegations set forth in Paragraph 106 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

107.    Denied.  The allegations set forth in Paragraph 107 and subparagraphs (a)-(c) of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

**COUNT VIII**
**BREACH OF FUDUCIARY DUTY**
**AGAINST PROFESSIONAL MORTGAGE**

108.    Defendants incorporate by reference their responses to Paragraphs 1 through 107 above as if fully set forth herein.

109.    Denied.  The allegations set forth in Paragraph 109 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

110.    Denied.  The allegations set forth in Paragraph 110 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

111.    Denied.  The allegations set forth in Paragraph 111 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

112.    Denied.  The allegations set forth in Paragraph 112 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

**COUNT IX**
**BREACH OF FIDUCIARY DUTY**
**AGAINST THE EQUICREDIT DEFENDANTS AND ALLIANCE**

113.    Defendants incorporate by reference their responses to Paragraphs 1 through 112 above as if fully set forth herein.

114.    Denied.  The allegations set forth in Paragraph 114 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

115.    Denied.  The allegations set forth in Paragraph 115 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

116.    Denied.  The allegations set forth in Paragraph 116 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

117.    Denied.  The allegations set forth in Paragraph 117 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

**COUNT X**
**BREACH OF CONTRACT**
**AGAINST THE EQUICREDIT DEFENDANTS AND ALLIANCE**

118.    Defendants incorporate by reference their responses to Paragraphs 1 through 117 above as if fully set forth herein.

119.    Denied.  The allegations set forth in Paragraph 119 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

120.    Denied.  The allegations set forth in Paragraph 120 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

121.    Denied.  The allegations set forth in Paragraph 121 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT XI
## UNJUST ENRICHMENT
## AGAINST THE EQUICREDIT DEFENDANTS
## ALLIANCE AND PROFESSIONAL HOME

122.    Defendants incorporate by reference their responses to Paragraphs 1 through 121 above as if fully set forth herein.

123.    Denied.  The "documents" referred to are writings which speak for themselves and any attempt to characterize their terms is improper.  By way of further response, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

124.    Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

125.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

126.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 126 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

127.    Denied.

128.    Denied.  The allegations set forth in Paragraph 128 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

129.    Denied.  The allegations set forth in Paragraph 129 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

**COUNT XII**
**CONVERSION**
**AGAINST THE EQUICREDIT DEFENDANTS**
<u>**ALLIANCE AND PROFESSIONAL HOME**</u>

130.    Defendants incorporate by reference their responses to Paragraphs 1 through 129 above as if fully set forth herein.

131.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 131 of Plaintiffs' Amended Complaint, and, therefore, deny the same.  By way of further response, the "documents" referred to are writings which speak for themselves and any attempt to characterize their terms is improper.

132.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 132 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

133.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 133 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

134.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 134 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

135.    Denied as stated.  Defendants state that Plaintiffs were provided with an accounting of how the escrow funds were to be disbursed.  To the extent that the allegations in Paragraph 135 of Plaintiffs Amended Complaint are addressed to a defendant other than Defendants, no responsive pleading is required.

136.    Denied.  The allegations set forth in Paragraph 136 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

137.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 137 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

138.    Denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 138 of Plaintiffs' Amended Complaint, and, therefore, deny the same.

139.    Denied.  The allegations set forth in Paragraph 139 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

**COUNT XIII**
**NEGLIGENCE**
**AGAINST PROFESSIONAL HOME**

140.    Defendants incorporate by reference their responses to Paragraphs 1 through 139 above as if fully set forth herein.

141.    Denied.  The allegations set forth in Paragraph 141 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

142.    Denied.  The allegations set forth in Paragraph 142 and sub-paragraphs (a)-(f) of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

143.    Denied.  The allegations set forth in Paragraph 143 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

144.    Denied.  The allegations set forth in Paragraph 144 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

**COUNT XIV**
**BREACH OF CONTRACT**
**AGAINST PROFESSIONAL HOME**

145.    Defendants incorporate by reference their responses to Paragraphs 1 through 144 above as if fully set forth herein.

146.    Denied.  The allegations set forth in Paragraph 146 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

147.    Denied.  The allegations set forth in Paragraph 147 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

148.    Denied.  The allegations set forth in Paragraph 148 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

149.    Denied.  The allegations set forth in Paragraph 149 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

150.    Denied.  The allegations set forth in Paragraph 150 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

### COUNT XV
### PENNSYLVANIA UNFAIR TRADE PRACTICES AND
### CONSUMER PROTECTION LAW, 73 P.S. §201-1 ET SEQ., ("UTPCPL")
### AGAINST THE EQUICREDIT DEFENDANTS

151.    Defendants incorporate by reference their responses to Paragraphs 1 through 150 above as if fully set forth herein.

152.    Denied.  The allegations set forth in Paragraph 152 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

153.    Denied.  The allegations set forth in Paragraph 153 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

154.    Denied.  The allegations set forth in Paragraph 154 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

155.    Denied.  The allegations set forth in Paragraph 155 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

156.    Denied.  The allegations set forth in Paragraph 156 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

157.    Denied.  The allegations set forth in Paragraph 157 of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

158.    Denied.  The allegations set forth in Paragraph 158 and sub-paragraphs (a)-(n) of Plaintiffs' Amended Complaint constitute conclusions of law to which no responsive pleading is required.  To the extent that these allegations may be deemed to be factual, they are denied.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNT XVI
### PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. §201-1 ET SEQ., ("UTPCPL") AGAINST PROFESSIONAL MORTGAGE

159.    Defendants incorporate by reference their responses to Paragraphs 1 through 158 above as if fully set forth herein.

160.    Denied.  The allegations set forth in Paragraph 160 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

161.    Denied.  The allegations set forth in Paragraph 161 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

162.    Denied.  The allegations set forth in Paragraph 162 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

163.    Denied.  The allegations set forth in Paragraph 163 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

164.    Denied.  The allegations set forth in Paragraph 164 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

165.    Denied.  The allegations set forth in Paragraph 165 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

166.    Denied.  The allegations set forth in Paragraph 166 and sub-paragraphs (a)-(n) of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

**COUNT XVII**
**PENNSYLVANIA UNFAIR TRADE PRACTICES AND**
**CONSUMER PROTECTION LAW, 73 P.S. §201-1 ET SEQ., ("UTPCPL")**
**AGAINST PROFESSIONAL HOME**

167.    Defendants incorporate by reference their responses to Paragraphs 1 through 166 above as if fully set forth herein.

168.    Denied.  The allegations set forth in Paragraph 168 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

169.    Denied.  The allegations set forth in Paragraph 169 of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

170.    Denied.  The allegations set forth in Paragraph 170 and sub-paragraphs (a)-(e) of Plaintiffs' Amended Complaint are directed to a defendant other than Defendants and, therefore, no responsive pleading is required.

**WHEREFORE**, Defendants respectfully request judgment in their favor, together with costs of suit, attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURY TRIAL

171.    Defendants state that the allegations set forth in this Paragraph to Plaintiffs' Amended Complaint require no responsive pleading.

## CROSS-CLAIM I
### Against Co-Defendant Professional Home Remodeling Company

172.    Defendants incorporate by reference their responses to Paragraphs 1 through 171 above as if fully set forth herein.

173.    Defendants deny any and all liability on the claims set forth in the Amended Complaint.

174.    Co-Defendant Professional Home Remodeling Company is solely liable, or is jointly and severally liable, with Co-Defendant Professional Mortgage Corporation and Alliance Search and Abstract, Inc. for the claims set forth in the Amended Complaint.

175.    If the trier of fact determines that Defendants are liable on the claims set forth in the Amended Complaint, which liability is expressly denied, the Defendants are entitled to indemnification and contribution from Co-Defendant Professional Home Remodeling Company.

**WHEREFORE**, Defendants respectfully request this Court enter judgment in their favor and against Co-Defendant Professional Home Remodeling Company, and award Defendants the costs of this action, including reasonable attorney's fees and such other relief as the Court deems just and proper.

## CROSS-CLAIM II
### Against Co-Defendant Professional Mortgage Corporation

176.    Defendants incorporate by reference their responses to Paragraphs 1 through 175 above as if fully set forth herein.

177.    Defendants deny any and all liability on the claims set forth in the Amended Complaint.

178.    Co-Defendant Professional Mortgage Corporation is solely liable, or is jointly and severally liable, with Co-Defendant Professional Home Remodeling Company and Alliance Search and Abstract, Inc. for the claims set forth in the Amended Complaint.

179.    If the trier of fact determines that Defendants are liable on the claims set forth in the Amended Complaint, which liability is expressly denied, the Defendants are entitled to indemnification and contribution from Co-Defendant Professional Mortgage Corporation.

**WHEREFORE**, Defendants respectfully request this Court enter judgment in their favor and against Co-Defendant Professional Mortgage Corporation, and award Defendants the costs of this action, including reasonable attorney's fees and such other relief as the Court deems just and proper.

## CROSS-CLAIM II
### Against Co-Defendant Alliance Search and Abstract, Inc.

180.    Defendants incorporate by reference their responses to Paragraphs 1 through 179 above as if fully set forth herein.

181.    Defendants deny any and all liability on the claims set forth in the Amended Complaint.

182.    Co-Defendant Alliance Search and Abstract, Inc. is solely liable, or is jointly and severally liable, with Co-Defendants Professional Home Remodeling Company and Professional Mortgage Corporation for the claims set forth in the Amended Complaint.

183.    If the trier of fact determines that Defendants are liable on the claims set forth in the Amended Complaint, which liability is expressly denied, the Defendants are entitled to indemnification and contribution from Co-Defendant Alliance Search and Abstract, Inc..

**WHEREFORE**, Defendants respectfully request this Court enter judgment in their favor and against Co-Defendant Alliance Search and Abstract, Inc., and award Defendants the costs of this action, including reasonable attorney's fees and such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim against Defendants upon which relief can be granted.

2.    Plaintiffs are not entitled to rescind the loan under the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1635 and/or Regulation Z, § 226.23 (a) (3).

3.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

4.    Plaintiffs' claims are barred, in whole or in part, by reason of the doctrines of laches, waiver and estoppel.

5.    Avoidance of the lien arising under the Note and Mortgage is inequitable.

6.    Plaintiffs are not entitled to any damages under any federal or state statute.

7.    To the extent Plaintiffs sustained damages in this matter, which Defendants specifically deny, then said damages were caused by the conduct of other entities or parties over whom Defendants had no control or right of control.

8.    Plaintiffs were given all material disclosures in connection with the loan transaction required under state and federal law.

9.     As the Trustee of the trust that holds the loan, U.S. Bank National Association has no liability for damages or other amounts under TILA.

10.     If the Court determines that the trust and U.S. Bank National Association is an assignee of the loan, Plaintiff's claims are barred in whole or in part because as an assignee and as a holder in due course, the trust and U.S. Bank National Association would not be subject to any claims of Plaintiff under federal or state law.

11.     Defendants are entitled to an offset against Professional Mortgage, Professional Home and Alliance Search and Abstract.

## COUNTERCLAIM OF SETOFF

1.     Plaintiffs are indebted to NationsCredit Financial Services Corporation, as successor by merger to EquiCredit Corporation of Pa., under the terms of a Note secured by a Mortgage dated July 26, 2000.

2.      If this Court determines that Defendants are indebted to Plaintiffs in any amount, such indebtedness should be offset by the amount of money which Plaintiffs owe NationsCredit Financial Services Corporation, as successor by merger to EquiCredit Corporation of Pa., pursuant to the terms of the Note.

Respectfully submitted,

_____
Marilyn Heffley
P.A. Identification No. 42904
Barbara Kiely
P.A. Identification No. 88832
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
(215) 851-8100


Counsel for Defendants NationsCredit
Financial Services Corporation, as successor by
merger to EquiCredit Corporation of Pa.,
EquiCredit Corporation of America, and U.S.
Bank National Association, as Trustee

Dated: February 14, 2003

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendants NationsCredit Financial Services Corporation, as successor by merger to EquiCredit Corporation of Pa., EquiCredit Corporation of America, and U.S. Bank National Association, as Trustee, hereby certifies that on February 14, 2003, she caused to be served the foregoing Defendants' Answer, Affirmative Defenses, Cross-Claims and Counter-Claim of Setoff to Plaintiffs' Amended Complaint by first class mail, prepaid postage, upon the following:

Adam DeSipio
Law Offices of Robert H. Montgomery III
230 S. Broad Street, Suite 1302
Philadelphia, PA 19102

(Attorney for Plaintiffs Sara Williams and Ellen Gore)

Jeffrey M. Lindy
1760 Market Street
Suite 600
Philadelphia, PA 19103

(Attorney for Professional Mortgage Corporation and Professional Home Remodeling Company)

Alliance Search & Abstract, Inc.
1819 East Memphis Street
Philadelphia, PA 19125

By:_____
      Barbara Kiely