IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sarah Williams, et al. : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 02-CV-5249 |
| : | |
| Nations Credit Financial Services Corporation, et al. : | |
| : | JURY TRIAL DEMANDED |
| Defendants. : | |
| : | |

**MOTION TO VACATE DISMISSAL PURSUANT TO LOCAL RULE 41.1(b)**

Plaintiff, by and through her undersigned counsel, hereby moves this Court for an Order vacating this Court's Order dated May 28, 2003, dismissing the above-captioned action without prejudice pursuant to Local Rule 41.1, and in support thereof, states as follows:

1. A settlement conference took place in this matter on or around May 22, 2002. Shortly after that conference on May 26, 2003, counsel for all of the parties reached a settlement.

2. The parties reported to the Court that they had reached a settlement on or around May 27, 2003.

3. In response to counsel's representations, the Court entered an order on May 28, 2003, dismissing this matter pursuant to Local Rule 41.1(b).

4. Defendant, Nations Credit's counsel undertook preparing the settlement documents as it has in other cases involving the undersigned counsel's clients. On June 9, 2003, Nations Credit's counsel forwarded a draft settlement agreement to plaintiff's counsel. That agreement provided for a confidentiality provision which had not been discussed.

5. While some of the previous agreements between defendant Nations Credit and the undersigned counsel's clients in other cases have contained confidentiality provisions, this agreement

was different in that: (1) it failed to include a carve-out from the confidentiality provisions for disclosures made pursuant a court order or validly issued subpoena; (2) it prohibited disclosure of the facts in this case, not just the terms of the settlement; and (3) it included a provision that plaintiff shall pay defendant Nations Credit's attorneys' fees in the event of a breach of the confidentiality provisions. None of these terms were ever agreed to, nor were they ever even discussed at the time of the settlement negotiations which the Court was a party to.

7. Plaintiff's counsel requested that Nations Credit's counsel revise the agreement to be consistent with their prior course of dealing. Nations Credit's counsel has informed plaintiff's counsel that they will include a carve-out from the confidentiality provisions for disclosures made pursuant a court order or validly issued subpoena, but that they will not make any further revisions to the confidentiality provisions.

8. Consistent with Nations Credit's business practice of pressuring individuals into accepting unfair mortgage provisions, they are now trying to apply the same tactics with this settlement. A settlement was agreed to in this matter which did not include any discussion of a confidentiality provision in the form which Nations Credit now seeks in the settlement agreement which it prepared. Further, given the prior course of dealing between plaintiff's counsel and Nations Credit, there was no reason to believe that the settlement would be contingent on the inclusion of such provisions. Plaintiff respectfully submits that Nations Credit agreed to a settlement and should be bound by those terms which it agreed to.

WHEREFORE, Plaintiff respectfully requests that the Order dismissing the case be vacated and that this matter be listed for a scheduling conference.

          Respectfully submitted,

          Robert H. Montgomery, III, Esquire, P.C.


          By: _____
               Robert H. Montgomery, Esquire
               230 South Broad Street
               Suite 1302
               Philadelphia, PA 19102
               (215) 731-1404
               Attorney for Plaintiff
               Sarah Williams

**DATED:**     July 28, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sarah Williams, et al. : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 02-CV-5249 |
| : | |
| Nations Credit Financial Services Corporation, et al. : | |
| : | JURY TRIAL DEMANDED |
| Defendants. : | |
| : | |

## **ORDER**

AND NOW, this _____ day of _____ , 2003, upon consideration of Plaintiff's Motion to Vacate Dismissal Pursuant to Local Rule 41.1, it is hereby ordered that said motion is GRANTED.

BY THE COURT:

_____
R. Barclay Surrick, J.

## CERTIFICATE OF SERVICE

I hereby certify that I today served the foregoing paper(s) on all counsel of record, via first class mail, postage prepaid, to the following:

Barbara Keily, Esquire
Reed Smith LLP
2500 One Liberty Place
Philadelphia, PA 19103-7301

Jeffrey M. Lindy, Esquire
1760 Market Street
Suite 600
Philadelphia, PA 19103

_____
Robert H. Montgomery, Esquire

**DATED:**        July 28, 2003